UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X

ALICIA CARRASCO,                                   :

                          Plaintiff,               :

          v.                                       :

METROPOLITAN TRANSIT AUTHORITY,                    :
NEW YORK CITY TRANSIT AUTHORITY,                   :
LINDSEY SEYMOUR GOSIN, and ALIAA                   :
ABDELRAHMAN                                        :
                                                   :
                          Defendants.              X

--------------------------------------------------

Case No. 1:24-cv-04265 (LGS)

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER AND
FRE 502(D) AND (E) CLAWBACK
AGREEMENT AND ORDER

        **WHEREAS**, the parties in the above-captioned matter (collectively the "Parties" or individually "Party") have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, financial, medical, personally identifiable information, documents, and other materials.

        **WHEREAS,** the parties have agreed to produce documents only on the agreement that such "Confidential Information" will be disclosed only as provided herein;

        **WHEREAS**, the Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Parties' discovery request or informal production;

        **WHEREAS**, the Parties may be required to produce a large volume of Documents and wish to comply with discovery deadlines and complete discovery as expeditiously as possible,

while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties, and in addition to their agreement, need the additional protections of a Court Order under Federal Rules of Evidence 502(d) and (e) to do so;

**WHEREAS**, in order to comply with applicable discovery deadlines, a Party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures").  This Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a)    was not inadvertent by the Party producing the Documents (the "Producing Party");

    (b)    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    (c)    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    (d)    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents;

**WHEREAS**, because the purpose of this Order is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

**THEREFORE**, the Parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to

"Confidential Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth here.

**IT IS HEREBY STIPULATED AND AGREED**, by and among counsel for the parties as follows:

1.    This Stipulated Protective Order (the "Order") will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

2.    This Order shall apply to any documents or information that Defendants Metropolitan Transportation Authority[1], the New York City Transit Authority, Lindsey Seymour Gosin and Aliaa Abdelrahman (collectively, "Transit" or "Defendants") or Plaintiff Alicia Carrasco ("Plaintiff") provide during discovery in this action (the "Action") and designate as confidential.  Documents and information that may be designated as confidential for the purposes of this Action shall include, but are not limited to, Defendants' internal policies and procedures, salary, compensation, benefits, and promotion information, disciplinary records of employees, performance evaluations and all other personnel information of third parties, internal investigations undertaken by Defendants, medical documentation, information protected from disclosure by HIPAA, any information of a private, personal or intimate nature regarding any individual, and all communications involving any of the foregoing areas ("Confidential Material").

The Parties shall act in good faith in designating documents or information hereunder as Confidential Material.  This Order also shall apply to Confidential Material used or revealed during a deposition or in answers to interrogatories.  The Parties shall address with the Court at the final pretrial conference the use of Confidential Material at a hearing or trial or other proceeding.  It is

---

[1] Incorrectly named the "Metropolitan Transit Authority" in the Complaint and Amended Complaint.

agreed and understood by the Parties that such documents and/or information may contain highly confidential and/or proprietary information.

3.      All materials designated as Confidential Material shall be clearly marked "CONFIDENTIAL" on the face of the document.

4.      In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

5.      Materials marked "CONFIDENTIAL" pursuant hereto and their contents shall be used solely for purposes of the Action and not for any other purpose, and shall not be disseminated by the Parties or their attorneys in any manner, orally or in written form, to anyone other than:

        a.      Counsel of record for the Parties, and the paralegal, clerical and secretarial staffs employed by such counsel only to the extent necessary to render professional services in this Action;

        b.      Plaintiff;

        c.      Defendants;

        d.      Individuals that either Party and/or its attorneys determine have a need to know the materials, or who may have knowledge of the underlying dispute and/or may serve as witnesses in this matter;

        e.      Experts and consultants retained by counsel for the Parties in connection with this Action, who are assisting counsel in the prosecution or defense of this Action;

        f.      Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this Action; and

   g. Subpoenaed witnesses and witnesses noticed for deposition, so long as any subpoenaed or noticed witness has been identified in discovery as a person with knowledge of relevant facts.

   h. Any mediator appointed by the Court or agreed to by the Parties who assists the Parties in trying to reach a settlement of this Action.

  6. With respect to any depositions that involve the disclosure of Confidential Material, counsel for the Parties shall have thirty (30) days following their receipt of the deposition transcript in which to designate any testimony that the Party believes contains Confidential Material by sending a letter to counsel for the other Parties identifying such Confidential Material by page and line citations to the deposition testimony. Prior to the expiration of this thirty (30) day period, the deposition testimony of the witness shall not be disclosed to anyone not listed in paragraph 5 of this Order.

  7. All records containing Confidential Information provided by the Parties or by a third party shall also be covered by this Order and be deemed "CONFIDENTIAL." This Order does not substitute for or limit any obligation imposed on the Parties by federal or state law.

  8. Prior to disclosure by the Parties or their attorneys of any Confidential Material to any person referred to in paragraph 5(d), (e) and 5(g) of this Order, counsel shall provide such person with a copy of this Order and that person must agree to be bound by its terms and shall sign a declaration in the form annexed hereto as **Exhibit A**.

  9. No document or information actually comprising or containing Confidential Material shall be filed in any Court until the Party who designated same as "CONFIDENTIAL" is given sufficient opportunity to file such Confidential Material under seal. No documents or information filed under seal shall be made available to third parties or the public, except by further

order of this Court, a subsequent written agreement executed by the Parties or in accordance with the terms of this Order.

10.     All Confidential Material shall be used solely for the purpose of the prosecution or defense of this Action, including any appeals or retrials.

11.     The Parties may object to the designation of any document or information as "CONFIDENTIAL" by presenting a motion to the Court for an *in camera* inspection and/or a determination regarding confidentiality within 30 days after having received it.  Any documents or information that are designated as Confidential Material shall be treated as such unless and until the Court rules that such materials are not confidential.  The burden of establishing confidentiality remains at all times on the Party asserting confidentiality.

12.     This Order shall not: (a) prejudice in any way the right of a party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the right of a Party to seek a court determination of whether particular discovery material should be produced; (c) prejudice in any way the right of a Party to object to the introduction into evidence of any documents or information it considers inadmissible; or (d) prejudice in any way a Party's right to use its own documents or information, which may or may not have been designated by a Party as "CONFIDENTIAL," in any manner without consent of the opposing Party or Court.

13.     The Parties and their counsel shall maintain all Confidential Material in a secure manner so as to avoid disclosure of its contents.

14.     Nothing herein shall preclude the Parties from withdrawing a "CONFIDENTIAL" designation in connection with any motions or the trial of this Action where that Party had initially made the confidential designation.

15.     Nothing herein shall be construed as: (a) a waiver by any Party of its right to object to any discovery request; (b) waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

16.     Upon final termination of this action and any appeals, any person in possession of Confidential Materials shall, upon written request, promptly return the Confidential Materials, including all copies and excerpts, to counsel for the Producing Party, or confirm in writing that the Confidential Materials were properly destroyed.  Counsel for the Parties may retain archival copies of any Confidential Material in their office files and are not required to return or destroy copies of all pleadings, motion papers, written discovery, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Confidential Material, but shall otherwise be bound by the terms of this Order and shall take appropriate steps to prevent the disclosure in a manner contrary to this Stipulation and Order of such Confidential Material.

17.     This Order shall be, and is hereby, adopted by the undersigned, as an Order of this Court, submitted to the Court for signature, which shall be effective *nunc pro tunc* to the date hereof.

18.     The inadvertent, unintentional or in camera disclosure of Confidential Materials shall not be deemed a waiver of any claims of confidentiality.

**CLAWBACK PROVISION PURSUANT TO FRE 502(d) AND 502(e)**

The Parties hereby **AGREE**, and the Court hereby **ORDERS** pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

19.     The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including, without limitation, the attorney-client privilege

and the work-product doctrine, to a party receiving the Documents (the "Receiving Party"), shall in no way constitute the voluntary disclosure of such Document.

20.     The inadvertent disclosure or production of any Document in this Action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

21.     If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(a)     the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range, and, (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.   Notwithstanding, the Receiving Party is under no

obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(b)     If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

22.     If, during the course of this litigation, a Party determines it has produced a Protected Document:

(c)     the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, and promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range, the privilege or protection claimed, and the basis for

the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d)     The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

23.     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 21(b) and 22(c), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

24.     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the

production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

> (a)  the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;
>
> (b)  the disclosure of the Protected Documents was not inadvertent;
>
> (c)  the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or
>
> (d)  the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

25.    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent the Court's Order deciding the privilege issue.

26.    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

27.    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including, without limitation, metadata, for relevance, responsiveness and/or the

segregation of privileged and/or protected information before such information is produced to another Party.

28.     By operation of the Parties' agreement and Court Order, the parties are specifically afforded the protections of Federal Rules of Evidence 502(d) and (e).

29.     Once executed by all counsel for the Parties, the Order shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

SO STIPULATED AND AGREED:

The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

Dated: December 2, 2024

THE CLANCY LAW FIRM, P.C.


By: */s/Donna H. Clancy*_____
Donna H. Clancy
40 Wall Street, 61st Floor
New York, New York 10005
(212) 747-1744


*Attorneys for Plaintiff*

Dated: November 20, 2024

LITTLER MENDELSON P.C.


By: */s/ Rebecca Goldstein*_____
Rebecca Goldstein
900 Third Avenue
New York, NY 10022.3298
(212) 583-9600


*Attorneys for Defendants*

SO ORDERED.

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2024
_____
New York, New York