UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                      :
ALICIA CARRASCO,                             :
                              Plaintiff,   :
                                                       :           24 Civ. 4265 (LGS)
                    -against-                    :
                                                       :           **OPINION AND ORDER**
METROPOLITAN TRANSITY AUTHORITY  :
et al.,                                                     :
                                      Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Alicia Carrasco brings this action against Defendants Metropolitan Transit Authority, New York City Transit Authority, Linsey Seymour Gosin and Aliaa Abdelrahman, alleging employment discrimination in violation of federal, New York State and New York City law. Defendants bring a partial motion to dismiss the state and local claims in the Second Amended Complaint (the "SAC") on the grounds that some claims lack subject matter jurisdiction and others fail to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) respectively. Plaintiff opposes the motion. For the reasons below, the motion is denied in part and granted in part. The first, second and sixth causes of action allege violations of federal law, specifically Title VII, 42 U.S.C. § 2000(e) *et seq.*, and are not the subject of this motion.

**I.    BACKGROUND**

      Plaintiff is a Hispanic woman who has been employed by the Metropolitan Transit Authority since July 2000. She currently holds the title of Computer Associate III. Throughout Plaintiff's years of employment, she has lodged several informal complaints with Defendants regarding her pay and Defendants' failure to promote her in favor of non-Hispanic, male

employees. On October 25, 2022, and March 3, 2023, Plaintiff filed formal charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The SAC alleges that, in response to those complaints, Defendants retaliated against Plaintiff by heavily increasing her workload and subjecting her to a hostile work environment, including, on January 19, 2023, isolating her in the workplace in an "empty rubber room" where she "was not allowed to have a computer or phone, both of which are necessary for her to perform her role." On May 12, 2023, Plaintiff filed a discrimination complaint with the New York State Division of Human Rights (the "NYSDHR") reporting the January 19 incident.

On June 4, 2024, Plaintiff filed this action against Defendants. On September 12, 2024, the NYSDHR issued a "Determination and Order After Investigation" (the "Determination") dismissing Plaintiff's NYSDHR complaint due to a lack of probable cause to support its claims of discrimination and retaliation. Plaintiff filed her Amended Complaint and SAC in this action on September 13, 2024, and November 13, 2024, respectively.

## II. DISCUSSION

The SAC alleges that Defendants unlawfully discriminated and retaliated against Plaintiff in violation of federal, state and city laws. As explained below, Defendants' motion to dismiss the SAC's third, fourth, fifth, seventh, eighth, ninth and tenth causes of action is denied in part and granted in part. These counts are dismissed only to the extent they relate to certain incidents and otherwise survive.

### A.     Election of Remedies and NYSHRL and NYCHRL Claims

The SAC alleges that Defendants discriminated and retaliated against Plaintiff in violation of New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") in the third, fourth, fifth, seventh and eight causes of action.

Defendants move to dismiss these claims for lack of subject matter jurisdiction, arguing that they are procedurally barred by the election of remedies doctrine because Plaintiff already asserted her claims with the NYSDHR.

### 1. Legal Standard for a Rule 12(b)(1) Motion

"A case is properly dismissed for lack of subject matter jurisdiction [under Rule 12 (b)(1)] when the district court lacks the statutory or constitutional power to adjudicate it."[1] *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 37 (2d Cir. 2025). "A Rule 12(b)(1) motion may be either facial or fact-based." *Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024). "A facial motion is based solely on the pleadings -- that is, the allegations of the complaint and any exhibits attached to it." *Id.* "Alternatively, in a fact-based motion, the defendant can proffer evidence outside the pleadings to challenge the plaintiff's allegations of standing. In opposition to such a motion, the plaintiff will need to come forward with evidence . . . controverting that presented by the defendant if the defendant's evidence reveals the existence of factual problems regarding standing." *Id.* If the plaintiff presents controverting evidence, "the district court will need to make findings of fact in aid of its decision as to standing." *Id.*

Here, Defendants have made a fact-based 12(b)(1) motion based on Plaintiff's NYSDHR complaint and submitted a copy of the complaint and related documents, which are properly considered on this motion. *See Seidemann v. Pro. Staff Cong. Loc. 2334*, 432 F. Supp. 3d 367, 378 (S.D.N.Y. 2020) (considering defendant's "uncontroverted evidence" on a 12(b)(1) motion that Plaintiff lacked standing), *aff'd sub nom. Seidemann v. Pro. Staff Cong. Loc. 2334, Am.*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*Fed'n of Tchrs. AFL-CIO*, 842 F. App'x 655 (2d Cir. 2021).  Plaintiff has not provided controverting evidence and does not appear to dispute that she filed the NYSDHR complaint or that the NYSDHR rendered a decision.  Thus, no factual findings are necessary.

## 2. Election of Remedies and Subject Matter Jurisdiction

Under New York's election of remedies statute, a plaintiff may bring claims under the NYSHRL and NYCHRL "in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights."  N.Y. Exec. Law § 297(9).  "Thus, once an individual has brought a claim before the NYSDHR, she may not pursue it again as a plenary action in another court."  *Bleichert v. N.Y. State Educ. Dep't*, 793 F. App'x 32, 34 (2d Cir. 2019) (summary order).  "New York's election of remedies statute deprives New York courts of jurisdiction to hear claims filed with the NYSDHR," and "also operates to divest a federal court of jurisdiction to decide the claim."  *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 74 (2d Cir. 2010); *accord Bleichert*, 793 F. App'x at 34.  "Further, the election of remedies limitation is a derivative bar for claims arising out of the same incident on which the NYSDHR complaint was based."  *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 789 (S.D.N.Y. 2019); *accord Jackson v. N.Y.C. Transit Auth.*, No. 19 Civ. 5351, 2022 WL 137856, at *3 (S.D.N.Y. Jan. 14, 2022).

New York's election of remedies statute has two categories of exceptions.  First, where an NYSDHR complaint was dismissed on grounds of "administrative convenience" or "untimeliness," or where "the election of remedies is annulled," the complainant can proceed in court.  N.Y. Exec. Law § 297(9).  Second, where a complaint is automatically filed with the NYSDHR by the EEOC, the statutory bar does not apply.  *Id.* ("A complaint filed by the equal employment opportunity commission to comply with the requirements of [certain statutes] shall

not constitute the filing of a complaint within the meaning of this subdivision."). Neither of these exceptions applies here.

Plaintiff's claims arising out of her NYSDHR complaint are barred by the election of remedies statute. Plaintiff's NYSDHR complaint alleges discrimination on the basis of age, race, marital status and national origin, and identifies the discriminatory acts as suspension, harassment or intimidation, and giving Plaintiff "different or worse job duties than other workers doing the same job." The NYSDHR complaint also alleges retaliation for filing an EEOC complaint and describes in narrative form the January 12 and January 19, 2023, incidents and states that Plaintiff is "report[ing] the very last incident [of discrimination] that changed my life." Plaintiff's NYSDHR complaint also alleges that she is being investigated based on false allegations and accusations. The NYSDHR's Determination dismissed the complaint and found no probable cause to believe that Defendants discriminated against Plaintiff on any of the alleged bases, or retaliated against Plaintiff by investigating her role in a document leak in response to her filing her October 2022 EEOC Charge.

The SAC's NYCHRL and NYSHRL discrimination claims are related to the January 12 and January 19, 2023, incidents, and the retaliation claims are related to Defendants' investigation of Plaintiff in response to her filing of her EEOC charge. Consequently, the SAC's discrimination and retaliation claims are barred by the election of remedies doctrine to the extent that the SAC's claims arise out of the same facts and allegations.

Defendants argue that Plaintiff's NYSDHR complaint entirely bars the SAC's NYSHRL and NYCHRL claims because Plaintiff's filings with, and statements to, the NYSDHR demonstrate that her NYSDHR Complaint encompassed all of the SAC's incidents of discrimination and retaliation. However, the SAC's allegations are broader than those included

in Plaintiff's NYSDHR complaint.  While Plaintiff did refer generally to Defendants' discriminatory practices in interviews with the NYSDHR, her NYSDHR Complaint describes only the January 12 and January 19, 2023, related incidents and the investigation into her conduct.  Plaintiff's SAC, on the other hand, covers additional incidents of discrimination and retaliation spanning several years, including incidents that occurred after Plaintiff filed her NYSDHR complaint, such as Defendants' August 29, 2024, issuance of a suspension notice against Plaintiff, allegedly in retaliation for her filing the initial complaint in this action.  Because such incidents "occurred after her NYSDHR complaint" was filed on May 12, 2023, they "could constitute separate claims of discrimination and retaliation from those claims that arose before the NYSDHR complaint."  *Reyes v. Westchester Cnty. Health Care Corp.*, No. 21-0410, 2021 WL 4944285, at *2 (2d Cir. Oct. 25, 2021) (summary order); *see Samuels v. Barnard Coll.*, No. 23 Civ. 6181, 2024 WL 5718124, at *16 (S.D.N.Y. Oct. 3, 2024) (refusing to apply the election of remedies bar where "the alleged retaliatory actions apparently did not occur until after [plaintiff] filed his NYSDHR Complaints and were therefore not presented to a state administrative body"), *report and recommendation adopted*, No. 23 Civ. 6181, 2025 WL 27683 (S.D.N.Y. Jan. 3, 2025).  Defendants' motion to dismiss the SAC's NYCHRL and NYSHRL claims is granted to the extent that the claims rely on the January 12 and January 19, 2023, incidents and Defendants' subjecting Plaintiff to an investigation into a document leak in alleged retaliation for Plaintiff's EEOC charge.

      **B.**    **New York Labor Law ("NYLL") Claims**

The SAC alleges violations of NYLL § 194 ("NYLL Equal Pay Act") and NYLL § 215 ("NYLL Retaliation Act").  Defendants' motion to dismiss these claims in their entirety is denied, but the motion to dismiss is granted in part.

1.     **Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Emilee Carpenter, LLC v. James*, 107 F.4th 92, 99 (2d Cir. 2024). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] . . . claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *accord Buon v. Spindler*, 65 F.4th 64, 85 (2d Cir. 2023). Under Rule 12(b)(6), a court "accept[s] as true all well-pleaded factual allegations, draw[s] all reasonable inferences in the plaintiff's favor, and assess[es] the complaint to determine whether those allegations plausibly establish entitlement to relief." *Tripathy v. McKoy*, 103 F.4th 106, 113 (2d Cir. 2024). A court is "not bound to accept as true a legal conclusion couched as a factual allegation, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Buon*, 65 F.4th at 76. "Courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference . . . ." *Mary Jo C. v. N.Y. State and Local Ret. Sys.*, 707 F.3d 144, 149 (2d Cir. 2013).

"On a motion to dismiss pursuant to Rule 12(b)(6) . . . district courts may review . . . facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference . . . as well as documents not expressly incorporated by reference in the complaint that are nevertheless integral to the complaint." *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023). A complaint's allegations are assumed to be true for the purpose of a motion to dismiss for failure to state a claim, and the facts are construed in the light most favorable to the plaintiff as the non-moving party. *See Emilee Carpenter, LLC*, 107 F.4th at 99.

### 2.     NYLL Equal Pay Act Claim (Tenth Cause of Action)

The SAC alleges that Defendants paid Plaintiff less than her male, non-Hispanic coworkers in violation of the NYLL Equal Pay Act.  For purposes of this motion, the federal Equal Pay Act and the NYLL Equal Pay Act have the same elements.  *See Edelman v. NYU Langone Health Sys.*, No. 24-251-CV, 2025 WL 1699582, at *5 & n.4 (2d Cir. June 18, 2025) (summary order) (noting that "the two statutes encompass the same elements" and describing other differences in the footnote).  To state a claim under the NYLL Equal Pay Act, a plaintiff must prove that "i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions."  *Id.* (applying federal Equal Pay Act elements to NYLL Equal Pay Act claim).  "At the pleading stage . . . a plausible [Equal Pay Act] claim must include sufficient factual matter, accepted as true to permit the reasonable inference that the relevant employees' job content was substantially equal."  *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 256 (2d Cir. 2014); *accord Brightman v. Physician Affiliate Grp. of N.Y., P.C.*, No. 20 Civ. 4290, 2021 WL 1999466, at *8 (S.D.N.Y. May 19, 2021) (applying in context of the NYLL Equal Pay Act).

The SAC sufficiently alleges an NYLL Equal Pay Act Claim.  First, the SAC alleges that Plaintiff and similarly situated employees performed "equal work on jobs the performance of which requires equal skill, effort and reasonability . . . under similar working conditions."  *Port Auth. of N.Y. & N.J.*, 768 F.3d at 254.  The SAC alleges that Plaintiff holds the title of Computer Associate III and describes specific responsibilities of that role, including "direct[ing] and supervis[ing] . . . subordinate employees," "[m]onitor[ing] compliance with service level agreements with outside vendors" and "address[ing] issues related to . . . IT technologies."  The

8

SAC also alleges that all Computer Associate III employees have "comparable skill sets, substantially similar comparable effort and responsibility that are performed under similar working conditions."

Second, the SAC alleges that, despite Plaintiff and other Computer Associate Level III employees being similarly situated, Defendants "pa[id] different wages to employees" based on protected characteristics. *Id.* Specifically, the SAC alleges that Plaintiff is paid $92,816.96 annually while other "younger, and/or male and/or non-Hispanic Computer Associates IIIs employed by Defendants earn up to $118,463." The SAC also alleges that Plaintiff has received raises of 10%, while "other non-Hispanic employees performing the same or similar work had consistently received raises between 18% and 20%." Taken together, these allegations sufficiently allege that Plaintiff was paid less than male, non-Hispanic employees who performed substantially the same work. *See Solomon v. Fordham Univ. Admin., Rose Hill Campus*, No. 22-887-CV, 2023 WL 5689712, at *3 (2d Cir. Sept. 5, 2023) (summary order) (reversing dismissal of NYLL Equal Pay Act claim where tenured female professor alleged that similarly situated tenured male professors "were paid different wages, though they had the same job responsibilities, were subject to the same evaluation standards, and were in the same practice area"); *Floyd v. N.Y. Pub. Radio*, No. 23 Civ. 1096, 2024 WL 1407058, at *2 (S.D.N.Y. Apr. 2, 2024) (holding plaintiff sufficiently alleged her NYLL Equal Pay Act claim by pleading that she was "paid considerably less than Caucasian talk show hosts . . . even though she was at least equally as qualified as them and she performed under similar working conditions").

Defendants argue that the SAC's NYLL Equal Pay Act claim is insufficient because its allegations are conclusory and fail to identify a specific, similarly situated comparator. Plaintiff argues that the SAC identifies Lloyd Bailey as a specific comparator. However, he is not a

sufficient comparator for an equal pay claim because the SAC contains no allegations about Bailey's pay.  Nevertheless, as discussed above, the SAC sufficiently describes the similarities between Plaintiff and other employees and alleges the pay disparity between them.  It is enough that the SAC identifies a particular group of other similarly situated employees, rather than a single individual.  *See Floyd*, 2024 WL 1407058, at *7 (denying motion to dismiss NYLL Equal Pay Act claim where the complaint relied on a particular group of comparator coworkers but not a specific, individual comparator); *Thompson v. Shutterstock, Inc.*, No. 23 Civ. 4155, 2024 WL 2943813, at *27 (S.D.N.Y. June 10, 2024) ("The Second Circuit has reserved judgment on whether a plaintiff must identify a specific comparator at the pleading stage for a [New York State Equal Pay Act] claim.") (citing *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001)).  Defendants can test the SAC's allegations at a later stage of litigation.  The motion to dismiss the SAC's NYLL Equal Pay Act Claim is denied.

### 3. NYLL Retaliation Act Claim (Ninth Cause of Action)

The SAC alleges that Defendants retaliated against Plaintiff in response to her workplace complaints in violation of the NYLL Retaliation Act.  Defendants' motion to dismiss the SAC's NYLL Retaliation Act Claim is granted as to complaints made before June 4, 2022, and otherwise denied.

#### i. Statute of Limitations

The SAC alleges that Defendants retaliated against Plaintiff in response to her formal and informal complaints between 2009 and June 4, 2024, when Plaintiff filed this action.  As a threshold matter, the SAC's allegations of retaliation prior to June 4, 2022, are barred by the NYLL Retaliation Act's two-year statute of limitations.  *See* N.Y. Lab. Law § 215(2).  Plaintiff argues that these allegations should nevertheless be considered pursuant to the continuing

violation doctrine.  The continuing violation doctrine "applies to claims composed of a series of separate acts that collectively constitute one unlawful practice and functions to delay the commencement of the statute of limitations period until the last discriminatory act in furtherance of that broader unlawful practice."  *Tassy v. Buttigieg*, 51 F.4th 521, 532 (2d Cir. 2022); *see Marciniak-Domingues v. Mass. Inst. of Tech.*, No. 22 Civ. 10959, 2024 WL 4350826, at *13 (S.D.N.Y. Sept. 30, 2024) (discussing the doctrine in the context of NYLL Retaliation Act).  "However, . . . this doctrine does not apply to discrete acts of discrimination or retaliation that occur outside the statutory time period, even if other related acts of discrimination occurred within the statutory time period."  *Tassy*, 51 F.4th at 532.

Here, the continuing violation doctrine does not apply because the SAC's allegations of untimely conduct -- such as Defendants' decision to transfer Plaintiff to a new boss who "berated" her and "treated her as the help" in retaliation for Plaintiff's informal complaints about her pay between 2009 and 2014 -- amount to "discrete acts of . . . retaliation" that do not create "one unlawful employment practice."  *Id.*; *see Bamba v. Fenton*, 758 F. App'x 8, 11 (2d Cir. 2018) (summary order) (declining to apply continuing violation doctrine to retaliation claim where complaint alleged only "discrete acts," such as a "biased" disciplinary hearing); *Atkinson v. Singh*, No. 19 Civ. 3779, 2022 WL 137634, at *6 (S.D.N.Y. Jan. 14, 2022) (declining to apply continuing violation doctrine where untimely conduct, such as allegations that the defendants "demeaned [the plaintiffs] on various occasions," "amount[ed] to merely several discrete acts" of discrimination).

### ii. Remaining Retaliation Allegations

A plaintiff alleging retaliation under the NYLL must first show "(1) [plaintiff's] participation in protected activity known to the defendant, like the filing of a [NYLL] lawsuit;

(2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Williams v. Harry's Nurses Registry, Inc.*, No. 24-34-CV, 2025 WL 842041, at *3 (2d Cir. Mar. 18, 2025) (summary order) (on a motion for summary judgment, stating plaintiff's initial burden for retaliation claims under the NYLL and Fair Labor Standards Act). An employment action disadvantaging a plaintiff is one that "could well dissuade a reasonable worker from engaging in protected activity." *Wilson v. N.Y. & Presbyterian Hosp.*, No. 21-1971-CV, 2022 WL 17587564, at *2 (2d Cir. Dec. 13, 2022) (summary order). "Causation in a retaliation claim can be shown either directly or through circumstantial evidence, usually when the adverse action followed soon after the protected activity." *Id.*

The SAC sufficiently alleges an NYLL Retaliation Act Claim.[2] The SAC primarily relies on three formal complaints made by Plaintiff in support of its retaliation claim: (1) Plaintiff's October 2022 EEOC Charge, (2) Plaintiff's March 2023 Amended EEOC Charge and (3) the instant action. Each of those actions is a protected activity under the NYLL. *See* N.Y. Lab. Law § 215(1)(a) ("No employer . . . shall . . . discriminate or retaliate against any employee . . . because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter."). The SAC also relies on emails between the parties in early 2023, in which Plaintiff informally complained to Defendants. These informal complaints are also a

---

[2] The SAC's NYLL Retaliation Act Claim survives based on the SAC's allegations regarding Defendants' retaliation in response to Plaintiff's informal complaints and the filing of this instant action. Although the SAC's allegations regarding retaliation in response to Plaintiff's EEOC charge are insufficient because the SAC "does not allege facts suggesting that [Defendants] even knew about the EEOC charge[s]," *Gates v. City of New York*, No. 20 Civ. 3186, 2021 WL 3774189, at *12 (S.D.N.Y. Aug. 25, 2021), because the cause of action otherwise survives, if discovery reveals that Defendants knew of the EEOC complaint, Plaintiff may pursue the retaliation claim on that basis, rather than having to file a third amended complaint to include the allegation of knowledge.

protected activity under the NYLL Retaliation Act.  *See Hallett v. Stuart Dean Co.*, 481 F. Supp. 3d 294, 311 (S.D.N.Y. 2020) ("Informal complaints suffice to confer protection against retaliation [under the NYLL Retaliation Act.]").

The SAC further alleges that, within months of filing those complaints, Defendants retaliated against Plaintiff by excluding her from work communications, isolating her in the workplace in a windowless, rubber room and instituting disciplinary action against her.  These acts qualify as adverse employment actions because they "might have dissuaded a reasonable worker from making or supporting similar charges."  *Stevens & Co., LLC v. Tang*, No. 23 Civ. 1835, 2024 WL 1157344, at *3 (S.D.N.Y. Mar. 18, 2024); *see Benzinger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 131 (S.D.N.Y. 2020) (holding that reassigning employee to less favorable working conditions constituted retaliatory act that "well might have dissuaded a reasonable worker from making or supporting similar charges"); *Wilson*, 2022 WL 17587564, at *2 ("[A] hostile work environment may constitute adverse action [under the NYLL Retaliation Act].").  "[A] short period of time passed between [Plaintiff's] engagement in the protected activity and the alleged adverse actions, suggesting a causal connection between the two."  *Stevens & Co.*, 2024 WL 1157344, at *3; *see Frost v. Lentex Co., LLC*, No. 20 Civ. 5313, 2022 WL 17968058, at *9 (S.D.N.Y. Dec. 27, 2022) (finding the five-month temporal proximity between plaintiff's protected activity and defendant's retaliation sufficient to suggest causal connection).

Defendants argue that Plaintiff's NYLL Retaliation Act Claim fails because the SAC is "devoid of any plausible allegation that [Plaintiff] complained that Defendants had violated the NYLL or even that she reasonably believed that Defendants had done so."  However, the SAC adequately alleges that Plaintiff's informal e-mail complaint concerned "a hostile work

13

environment" and being "targeted."  Viewed in the light most favorable to Plaintiff, such issues could be construed as allegations of discrimination in violation of the NYLL.  "An employee need not cite a specific statute, but her complaint to the employer must be of a colorable violation of the statute."  *Condado v. P&C Pagels, Inc.*, No. 22 Civ. 01589, 2023 WL 7686701, at *9 (E.D.N.Y. Sept. 27, 2023).  Regardless, Plaintiff's original Complaint in this action identifies specific NYLL provisions Defendants allegedly violated.

Defendants also argue that the SAC does not sufficiently allege an employment action disadvantaging Plaintiff or causation.  Because Defendants raise these arguments only in their reply memorandum of law, they are not considered in this Opinion.  *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief."); *accord In re Platinum-Beechwood Litig.*, 469 F. Supp. 3d 105, 118 (S.D.N.Y. 2020).  Even if the arguments were considered, they would fail because the SAC adequately alleges adverse employment actions and causation, as described above.

## III.    CONCLUSION

For the reasons above, Defendants' motion to dismiss is **DENIED** in part and **GRANTED** in part.  For clarity, the SAC's third, fourth, fifth, seventh and eighth causes of action (the NYCHRL and NYSHRL claims) are dismissed in part for lack of subject matter jurisdiction to the extent that they relate to the January 12 and January 19, 2023, incidents and Defendants' subjecting Plaintiff to an investigation into a document leak in alleged retaliation to Plaintiff's EEOC charge, as these matters were raised in Plaintiff's NYSDHR Complaint.  The SAC's ninth cause of action (the NYLL Retaliation Act claim) is dismissed in part as time-barred to the extent that the claim relies on alleged retaliatory acts that occurred prior to June 4, 2022.  The SAC's tenth cause of action (the NYLL Equal Pay Act claim) is not dismissed.

Leave to replead is denied because better pleading would not cure the lack of subject-matter jurisdiction or timeliness of the dismissed claims.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 45.

Dated: July 15, 2025
      New York, New York

                              **LORNA G. SCHOFIELD**
                            **UNITED STATES DISTRICT JUDGE**