UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                          :
ALICIA CARRASCO,                                          :
                                                          :
                                      Plaintiff,          :
                                                          :          24 Civ. 4265 (LGS)
                    -against-                              :
                                                          :               ORDER
METROPOLITAN TRANSIT AUTHORITY       :
et al.,                                                    :
                                                          :
                                      Defendants.   :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff seeks to compel Defendants' compliance with the Order entered

February 11, 2026 (the "February 11 Order").  As relevant here, the February 11 Order directed

Defendants to (1) respond to five interrogatories served by Plaintiff, and include in the responses

the name of a witness with personal knowledge of the facts in the response; (2) interview

document custodians in order "to determine whether there are any additional potentially

responsive documents that remain unproduced," and state the names of the custodians whom

Defendants interviewed; (3) produce any outstanding responsive documents, or state that there is

no reason to believe that there are any such documents and (4) state the number of pages in

Defendants' production dated January 2, 2026, that had not been previously produced.

WHEREAS, Plaintiff did not indicate whether the parties have met and conferred in-

person or telephonically in an effort to resolve these disputes, as required by Individual Rule

III.C.3.  Plaintiff's previously filed letter motion relating to Defendants' January 2, 2026,

production also did not state whether the parties had met and conferred in-person or

telephonically in an effort to resolve the disputes raised in that letter.  This failure would be

sufficient to deny Plaintiff's motion.

WHEREAS, nonetheless, in the interest of judicial economy and given the March 13, 2026, deadline to respond to the motion for summary judgment, Plaintiff's present motion is addressed as follows:

WHEREAS, first, as to Defendants' responses and objections to Plaintiff's supplemental interrogatories: for clarity, the February 11 Order directed Defendants to respond to supplemental interrogatories served by Plaintiff, and in addition to that response, state the name of an individual with personal knowledge of the facts in the response.  To the extent that Defendants have withheld information on the basis that the February 11 Order required Defendants to identify only witness names, as opposed to providing a narrative response, that position is inconsistent with the February 11 Order.  On the other hand, Defendants' withholding information to the extent an interrogatory seeks information about documents that were produced prior to January 2, 2026, production is consistent with the February 11 Order and the instructions at the February 11 Conference.

WHEREAS, second, as to Defendants' interviewing document custodians, and searching for outstanding responsive documents: to the extent Defendants limited the supplemental interviews of custodians and search for outstanding responsive documents to the 2022 Director of Labor Relations Role, that limitation is inconsistent with the February 11 Order.  The February 11 Order did not limit Defendants' obligation to search for additional documents to the 2022 Director of Labor Relations Role, but instead ordered Defendants "to determine whether there are any additional potentially responsive documents that remain unproduced."

WHEREAS, third, as to the number of pages in the January 2 production that had not been previously produced: Defendants have sufficiently complied with this portion of the February 11 Order.  In the letter dated February 20, 2026, Defendants confirmed that 344 of the 534 pages in the January 2 production were "visual duplicates" of one another; and in the letter dated February 27, 2026, Defendants reported that it would be unduly burdensome to state with

2

certainty the number of document in the January 2 production that had previously been produced as part of another email thread.  The Court credits Defendants' representation that further compliance would be unduly burdensome and does not require more information as to duplicates in the January 2 production.  It is hereby

**ORDERED** that, by **March 6, 2026,** Defendants shall serve supplemental responses and objections to Plaintiffs' interrogatories consistent with this Order.  Also by **March 6, 2026,** Defendants shall file a letter stating whether any additional custodial interviews or searches for documents are required to "determine whether there are any additional potentially responsive documents that remain unproduced."  It is further

**ORDERED** that, by **March 9, 2026,** the parties shall meet and confer in an effort to resolve any outstanding objections.  To the extent objections remain, by **March 9, 2026,** the parties shall file a joint letter stating each party's position, with each party's position not to exceed two pages.  It is further

**ORDERED** that Plaintiff's application to conduct additional depositions is **DENIED.**

Dated: March 5, 2026
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3