UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALICIA CARRASCO, Plaintiff, | : | 24 Civ. 4265 (LGS) |
| -against- | : | |
| METROPOLITAN TRANSIT AUTHORITY et al., Defendants. | : | **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants Metropolitan Transportation Authority ("MTA"), New York City Transit Authority ("NYCTA" and, together with MTA, "Transit"), Lindsey Seymour Gosin and Aliaa Abdelrahman move under Local Civil Rule 6.3 for reconsideration of the September 23, 2026, Opinion & Order (the "Order") to the extent it denied in part Defendants' motion for summary judgment. *Carrasco v. Metro. Transit Auth.*, No. 24 Civ. 4265, 2026 WL 2875186, at *17-18 (S.D.N.Y. Sep. 23, 2026).

WHEREAS, first, Defendants move for reconsideration of the denial of summary judgment on claims for disparate treatment under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). *See id.* at *15. The surviving claims relate to Transit's decision to promote Defendant Gosin to NYCTA's Director of Labor Relations, Field Operations in 2022. *Id.* at *13-14, *17. The Order concluded that a reasonable jury could find that the proffered non-discriminatory reason for not promoting Plaintiff -- her lack of supervisory and managerial experience -- was pretextual. *Id.* Reconsideration is granted on these claims.

WHEREAS, second, Defendants move for reconsideration of the denial of summary judgment on claims for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the NYSHRL and NYCHRL and the New York Labor Law ("NYLL"). *See id.* at *9-11, *16-17. The

surviving claims relate to Transit's Special Investigations Review ("SIR") department investigation of Plaintiff's alleged leak of confidential information, Plaintiff's suspension during the investigation and Plaintiff's post-investigation suspension and eventual transfer to a Transit office in Staten Island. *Id.* at *10-11, *16-17. The Order found that a reasonable jury could conclude these actions were retaliation for Plaintiff's protected conduct. *Id.* Reconsideration is denied on these claims.

WHEREAS, familiarity with the underlying facts and procedural history is assumed.[1]

**Legal Standard**

WHEREAS, "the legal standards governing motions for reconsideration under Local Civil Rule 6.3 and motions under Rule 59(e) are the same." *Celli v. New York City*, No. 24 Civ. 9743, 2026 WL 2295864, at *1 (S.D.N.Y. Aug. 10, 2026); *see City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991) ("Motions for reconsideration under [the local rule] . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) -- each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance.").[2]

WHEREAS, the decision on a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Diallo v. Genalo*, No. 26 Civ. 6040, 2026 WL 3061868, at *2 (S.D.N.Y. Oct. 12, 2026). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v.*

---

[1] On October 27, 2026, Defendants submitted a reply memorandum of law in support of the motion. Neither the Court's Individual Rules nor the October 9, 2026, Order directing a response from Plaintiff permitted a reply. Accordingly, the Court did not consider the reply in reaching a decision on the motion.

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). "[T]he standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Schneiderman v. Am. Chem. Soc'y*, 172 F.4th 158, 190 (2d Cir. 2026). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Teman v. Zeldes Needle Cooper, LLP*, No. 24 Civ. 9830, 2026 WL 3218181, at *1 (S.D.N.Y. Oct. 27, 2026).

**<u>Disparate Treatment Claims for Failure to Promote</u>**

WHEREAS, on reconsideration, summary judgment is granted to Defendants on the discrimination claims under the NYSHRL and NYCHRL for the failure to promote Plaintiff, a Hispanic woman, in 2022.

WHEREAS, the Order denied Defendants summary judgment on these claims because a reasonable jury could find that a reason that Defendants proffered for not promoting Plaintiff -- that she lacked a necessary qualification of managerial/supervisory experience -- was pretextual since the record seemed not to show that the person hired, Defendant Gosin, had such experience. *Carrasco*, 2026 WL 2875186, at *14. Neither the memorandum justifying Gosin's promotion nor her resume reflected that she possessed managerial/supervisory experience -- the lack of which Transit used to deem Plaintiff unqualified. *Id.* at *2, *13-14. The posting for the role included the requirement of "Eight (8) years relevant experience of which four (4) years must be in a managerial/supervisory capacity." *Id.* at *2.

WHEREAS, on this reconsideration motion, Defendants have identified record evidence that Gosin had such experience. The All Agency Salary Worksheet (the "Worksheet"), a document

prepared by Transit in connection with Defendant Gosin's promotion, is an exhibit to Defendant Abdelrahman's reply declaration in support of Defendants' motion for summary judgment. The Worksheet, under the heading "Qualifications of Candidate," states: "Ms. Gosin is a Juris Doctor, Hofstra University School of Law, 2011; NY Bar Admission, 2012; Eight (8) years relevant experience, *four (4) years in a managerial/supervisory capacity*" (emphasis added). The Worksheet addresses the evidentiary gap the Order identified. Consequently, the Order was erroneous.

WHEREAS, on reconsideration, summary judgment is granted because Plaintiff "has not presented evidence from which a reasonable jury could conclude that discrimination . . . played a role in" the decision not to promote Plaintiff. *See Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (NYCHRL); *accord Valerio v. Metro. Transp. Auth.*, No. 24-1614, 2025 WL 686028, at *4 (2d Cir. Mar. 4, 2025) (summary order) (NYCHRL and NYSHRL). Defendants' stated reasons for not promoting Plaintiff are that she lacked managerial/supervisory experience -- which the job posting listed as a requirement -- and that Gosin in these and other respects was more qualified, as described in the Order. The record as a whole, including the Worksheet, is consistent with these reasons and does not support the inference that the reasons were pretextual or, even if not pretextual, that discrimination played some role in the failure to promote Plaintiff.

WHEREAS, Plaintiff argues that in certain respects, she was more qualified than Gosin. But she does not dispute that she lacked the requisite managerial/supervisory experience, which the uncontested Worksheet shows Gosin had. Plaintiff points to no other evidence to support an inference of discrimination except that Gosin, a Black woman, is outside Plaintiff's protected class and that none of the five candidates interviewed for the role was Hispanic. This evidence is insufficient to support an inference of discrimination. A plaintiff seeking to draw an inference of discrimination from disparate treatment must "demonstrate that . . . [they] were similarly situated in

all material respects" to the individuals to whom they compare themselves. *See Etienne v. MTA N.Y.C. Transit Auth.*, 205 N.Y.S.3d 2, 3-4 (1st Dep't 2024) (NYCHRL); *Mezinev v. Donald Smith & Co.*, 252 N.Y.S.3d 147, 148 (1st Dep't 2026) (NYCHRL and NYSHRL). Here, because Plaintiff did not have managerial/supervisory experience, she "fails to demonstrate that [she] and [her] purported comparator, [Gosin], were similarly situated in all material respects." *See Mezinev*, 252 N.Y.S.3d at 148; *see also Anderson v. Amazon.com, Inc.*, No. 23 Civ. 8347, 2025 WL 2780921, at *8-9, *12 (S.D.N.Y. Sep. 30, 2025) (granting summary judgment on failure to promote claims under NYSHRL and NYCHRL where plaintiff did not show she was similarly situated to comparators who were promoted), *appeal dismissed*, No. 25-2804, 2026 WL 936814 (2d Cir. Mar. 2, 2026). As stated in the Order, that no other candidate was Hispanic also fails to support an inference of discrimination because "Plaintiff does not dispute that multiple Hispanic individuals have been promoted to Director of Labor Relations or Manager of Labor Relations roles since Plaintiff's 2022 application." *See Carrasco*, 2026 WL 2875186, at *7.

WHEREAS, Plaintiff's other arguments against reconsideration are unavailing. First, Plaintiff argues that the Worksheet was not in fact overlooked. This argument is belied by the Order itself, which does not reference the Worksheet, but does reference Gosin's resume and the memorandum justifying her hiring. Second, Plaintiff argues that the Worksheet should be disregarded because it is evidence authenticated by an interested witness -- Defendant Abdelrahman -- and was improperly submitted for the first time on reply. These arguments are unavailing. Here, Plaintiff cites no authority that an interested witness cannot authenticate evidence. To the contrary, interested witnesses are often the only people in a position to authenticate certain documents. Many business records are authenticated by interested parties. The Worksheet is record evidence that must be considered in determining what reasonable inferences a

jury could reach regarding Transit's determination that Plaintiff was unqualified. *See Holcomb v. Iona Coll.*, 521 F.3d 130, 141 (2d Cir. 2008) (explaining that courts applying the burden-shifting framework for discrimination claims "ask whether defendant has introduced evidence that, *taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason"); *accord Cuccia v. HF Mgmt. Servs., LLC*, No. 24 Civ. 2091, 2026 WL 2098887, at *9 (S.D.N.Y. July 21, 2026). Nor was it improper for Defendants to introduce the Worksheet in reply because Plaintiff's opposition challenged the then-existing record of Gosin's managerial/supervisory experience. *See Bayway Refin. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party."); *Pager v. Greater N. Ins. Co.*, No. 24-813, 2025 WL 855846, at *5 (2d Cir. Mar. 19, 2025) (summary order) (approving district court's consideration of reply affidavit where opposition to summary judgment raised new material issue). Summary judgment is granted to Defendants on the claims of failure to promote in 2022 under the NYSHRL and NYCHRL.

**Retaliation Claims**

WHEREAS, reconsideration is denied as to the retaliation claims. Defendants either make incorrect assertions about the record or identify evidence that does not negate Plaintiff's prima facie showing or the reasonable inference that retaliation was a but-for cause of Defendants' conduct. Accepting Defendants' legal arguments does not warrant a different conclusion. The motion does not demonstrate clear error or manifest injustice warranting reconsideration.

WHEREAS, Defendants challenge the finding of a prima facie showing that Plaintiff's suspension during the SIR investigation was adverse. First, Defendants contend that the Order should not have considered Plaintiff's declaration attesting to Transit's disciplinary policies because

Plaintiff's response to Defendants' Rule 56.1 statement disclaims any knowledge of the policies. This argument lacks merit. Defendants are incorrect that Plaintiff admitted that "she ha[s] no knowledge or factual basis to dispute that it is typical for employees under SIR investigation to be removed from service in the way she was." Rather, her response states that she has "no knowledge or factual basis to dispute" that "it is typical for individuals investigated by SIR to be removed from service during the investigation." This statement is consistent with Plaintiff's attestation that certain actions taken in removing Plaintiff from service were at odds with what she had observed as Transit's typical procedure. Second, Defendants argue that evidence was overlooked regarding Transit's policies. Even considering the evidence -- additional deposition testimony from Defendant Abdelrahman -- the record still supports a reasonable inference that Plaintiff's suspension was materially adverse because of discrepancies between Transit's treatment of Plaintiff and Transit's stated policies regarding employees suspended pending an investigation. *See Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 179 (2d Cir. 2023) (explaining that an employment action is adverse when it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination").

WHEREAS, Defendants next contest the Order's finding of a reasonable inference of pretext regarding Transit's non-retaliatory reason for the SIR investigation and suspension. Defendants argue that the Order incorrectly applied the pretext standard for retaliation claims by concluding that a reasonable jury would not be required to credit the SIR investigation's findings, including the conclusion that Plaintiff was the source of the confidential document leak. *See McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (explaining that in assessing pretext for retaliation claims, a court is only "interested in what *motivated* the employer" to act, not "the truth of the allegations against [the] plaintiff"). Even without considering what inferences the

jury could reach regarding the investigation, reconsideration is not warranted. A reasonable jury still could find that the investigation and suspension were retaliatory because of the temporal proximity between Plaintiff's protected activity and the alleged adverse action, as discussed in the Order, combined with the alleged discrepancies between Transit's treatment of Plaintiff and Transit's policies regarding suspensions, as discussed in the Order and above. *See Carrasco*, 2026 WL 2875186, at *10-11; *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 847 (2d Cir. 2013) (holding that temporal proximity combined with other evidence may support pretext). Defendants identify no clear error or manifest injustice warranting reconsideration.

WHEREAS, Defendants finally contend that, contrary to the Order's conclusion, the record provided a non-retaliatory reason for Plaintiff's transfer to Staten Island -- the need to remove Plaintiff from her role given the SIR investigation's conclusion that she leaked confidential information. This argument is unpersuasive. Even assuming Defendants properly articulated the need to remove Plaintiff from a role involving confidential information as a non-retaliatory reason for her transfer, the record supports a reasonable inference that the transfer was retaliatory. First, the temporal proximity between Plaintiff's commencement of this lawsuit and her reassignment supports a finding of pretext. *See Zann Kwan*, 737 F.3d at 847. Second, the facts of this case, and specifically Plaintiff's attestation that the transfer from Transit's main office to Staten Island limited her opportunities for promotion, support a reasonable inference that retaliation was "a but-for cause" of Plaintiff's transfer. *See Banks v. Gen. Motors, LLC*, 81 F.4th 242, 275 (2d Cir. 2023) (explaining that there can be "more than one but-for cause" of an employer's adverse action). Specifically, a reasonable jury could infer that the transfer was retaliatory because Plaintiff's transfer to a satellite office with fewer opportunities for advancement is beyond what was necessary to reassign her to a role without access to confidential information. Defendants identify no clear

error or other basis warranting reconsideration of the denial of summary judgment in part on the claims for retaliation. It is hereby

**ORDERED** that Defendants' motion for reconsideration is **GRANTED** in part and **DENIED** in part. For clarity, summary judgment is granted to Defendants on the following claims that had survived under the Order:

- Disparate Treatment under the NYSHRL and NYCHRL for the 2022 failure to promote against the Transit Defendants and, for the NYCHRL, Defendant Abdelrahman (Third and Fifth Causes of Action).

Reconsideration of summary judgment is denied as to the Sixth, Seventh, Eighth and Ninth Causes of Action. The following claims survive for trial:

- Retaliation under Title VII and NYLL for the SIR investigation, Plaintiff's suspensions pending and following the investigation and Plaintiff's transfer to Staten Island, asserted against the Transit Defendants and, for the NYLL claim, against all Defendants (Sixth and Ninth Causes of Action);

- Retaliation under the NYSHRL and NYCHRL for events occurring after May 12, 2023, including Plaintiff's suspension following the investigation and Plaintiff's transfer to Staten Island, asserted against the Transit Defendants and, for the NYCHRL claim, against all Defendants (Seventh and Eighth Causes of Action).

The Clerk of Court is respectfully directed to close Dkt. No. 160.

Dated: November 5, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE